IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TYSON-JAYMES: SHOTWELL, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN PANG, <br><br> Defendant. | CIV. NO. 23-00194 JAO-RT <br><br> FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO SERVE AND DILIGENTLY PROSECUTE |

**FINDINGS AND RECOMMENDATION TO DISMISS CASE
FOR FAILURE TO SERVE AND DILIGENTLY PROSECUTE**

On November 1, 2023, this Court issued an Order to Show Cause ("OSC"), directing Plaintiff Tyson-Jaymes: Shotwell ("Plaintiff") to show cause why this case should not be dismissed due to Plaintiff's failure to serve Defendant John Pang ("Defendant") with the *Summons* and *Amended Complaint for a Civil Case* ("Amended Complaint") (ECF No. 6).  ECF No. 18.

The Court elects to decide the *OSC* without a hearing pursuant to Rule 7.1(c) of the *Local Rules of Practice for the United States District Court for the District of Hawaii* ("Local Rules").

After careful review of Plaintiff's responses to the *OSC*, the docket in this case and the relevant law, the Court **FINDS** that Plaintiff has failed to timely serve

the Defendant, good cause does not exist for this failure and Plaintiff has failed to diligently prosecute this case. Accordingly, the Court **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

Plaintiff filed the *Complaint for a Civil Case* ("Complaint) against the Defendant on April 27, 2023. ECF No. 1. Plaintiff also filed an *Application to Proceed in District Court without Prepaying Fees or Costs* ("First IFP Motion") on that same day. ECF No. 3. On May 4, 2023, the district court issued an *Order Dismissing Action* denying without prejudice the *First IFP Motion* and dismissing the *Complaint* with leave to amend. ECF No. 5. Plaintiff attempted to initiate this action as a corporation, and because 28 U.S.C. § 1915 was not intended to grant corporations in forma pauperis ("IFP") status, the district court found that *First IFP Motion* should be denied. *Id*. In addition, the district court dismissed the *Complaint* for failure to state a claim and frivolous allegations. *Id*.

On May 22, 2023, Plaintiff filed an *Amended Complaint* (ECF No. 6) and a second *Application to Proceed in District Court without Prepaying Fees or Costs* ("Second IFP Motion") (ECF No. 8). On June 14, 2023, the district court issued its *Order Denying Plaintiff's Second IFP Application*. ECF No. 9. The district court found that the *Second IFP Motion* was incomplete and permitted Plaintiff to

"either submit an updated IFP Application or pay the filing fees[.]" *Id.* at PageID.53.  Plaintiff elected to pay the filing fee on June 29, 2023.  ECF No. 11.

On August 29, 2023, this Court issued an *Entering Order* reminding Plaintiff of the deadline to serve the Defendant.  ECF No. 13.  On October 25, 2023, the Clerk's Office issued a *Summons* as to the Defendant.  ECF No. 15.  On that same day, Plaintiff filed a Proof of Service indicating that the Defendant was served by mail.  ECF No. 16.  On November 1, 2023, this Court issued another *Entering Order* cautioning Plaintiff that service by mail was not permitted and issuing the *OSC* presently being addressed by the Court.  ECF No. 18.  On November 13, 2023, Plaintiff filed a response to the *OSC*.  ECF No. 19.  On November 13, 2023, Plaintiff confirmed that he is suing the Defendant as an individual and stated that if there is no response to the documents he mailed the Defendant, "then [he] will pay someone to serve [the Defendant] and then notify the Clerk's Office that [the Defendant] has been served[.]" *Id.* at PageID.70.

On November 15, 2023, this Court again issued an *Entering Order* informing Plaintiff that service by mail on an individual is not permitted under the rules.  ECF No. 20.  Plaintiff filed a response on November 27, 2023, and states that "we do not read and understand the same English" because he believes he is able to serve the Defendant by mail.  ECF No. 21 at PageID.73.  Plaintiff explains that he has attempted to personally serve the Defendant at the DLNR office and

3

has "paid for service" as of November 24, 2023. *Id*. As of January 24, 2024, Plaintiff has not filed any proof of service nor has there been any indication that the Defendant has been served with the *Summons* and *Amended Complaint*.

## DISCUSSION

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), the deadline for Plaintiff to Serve the Defendant is "90 days after the complaint is filed[.]" The *Amended Complaint* was filed on May 22, 2023 (ECF No. 6) and thus the 90-day deadline to serve the *Summons* and *Amended Complaint* was August 21, 2023. Fed. R. Civ. P. 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

However, the rule also states that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. Courts consider "whether good cause for the delay has been shown on a case by case basis." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001)) (citation omitted). The Ninth Circuit has held that "[a]t a minimum, 'good cause' means excusable neglect." *Id*. (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

In order to determine whether good cause or excusable neglect exists such that the deadline to serve should be extended, the Court considers three factors: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant

4

would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id*. (quoting *Boudette*, 923 F.2d at 756) (citation omitted).  In this case, there is no evidence that the Defendant received actual notice of this lawsuit.  Plaintiff claims to have attempted to personally serve the Defendant at "address DLNR office 2551 Waimano Home Rd. in Pearl City" and at 1151 Punchbowl Blvd.  ECF No. 21 at PageID.73.  However, there is no indication that these attempts were at the proper address or that the Defendant had knowledge or received information of Plaintiff's attempts.  Further, the Defendant has not appeared in this case.

In light of Plaintiff's failure to comply with the rules regarding service, the Court cannot find that the Defendant would not suffer any prejudice given the unreasonable delay caused by Plaintiff's noncompliance.  Further, this Court cannot say that Plaintiff would be severely prejudiced if the *Amended Complaint* were dismissed, especially since the dismissal recommended would be without prejudice.  Accordingly, the Court cannot find that good cause exists to extend the time for service.

Good cause could not be found and thus, the Court has the discretion to dismiss this case without prejudice or extend the time period.  *See In re Sheehan*, 253 F.3d at 512 ("if there is no good cause, the court has the discretion to dismiss

5

without prejudice or to extend the time period"). The Court weighs five factors when determining whether a case should be dismissed for failure to prosecute:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/ respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation omitted). Over five months have elapsed since the 90-day deadline to serve expired on August 21, 2023. "The public's interest in expeditious resolution of litigation always favors dismissal" and thus, this factor weighs in favor of a dismissal. *Id*. "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as [Plaintiff]." *Id*. (citation omitted). As explained earlier, Plaintiff did not comply with the rules regarding service as cautioned by this Court's *Entering Orders* issued on August 29, 2023 (ECF No. 13), November 1, 2023 (ECF No. 18) and November 15, 2023 (ECF No. 20). The Court finds that consideration of Plaintiff's routine noncompliance weighs in favor of dismissal.

Plaintiff's failure to timely serve Defendants is an unnecessary delay. "Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays." *Pagtalunan*, 291 F.3d at 642 (citations omitted). However, in this case, the five-month delay has been unnecessary, and

6

"[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id*. at 643.  Accordingly, the Court finds that the risk of prejudice to the Defendant weighs in favor of the dismissal of this case.

The Court also finds that the unavailability of less drastic alternatives also favors dismissal.  Even when Plaintiff was cautioned that service of the *Summons* and *Amended Complaint* by mail is not permitted, Plaintiff disregarded the Court's warnings and Fed. R. Civ. P. 4.  In addition, five months have passed since the deadline to serve on August 21, 2023.  This gave Plaintiff an additional five months beyond the 90-day deadline to personally serve the Defendant.  This amount of time is more than reasonable to comply with the service requirements under Fed. R. Civ. P. 4.  Moreover, Plaintiff himself indicated that he would be employing a process server to effect service on the Defendant in the beginning of November 2023.  ECF No. 19 at PageID.70.  It appears that Plaintiff waited until the ending of November to employ a process server to serve the Defendant.  ECF No. 21 at PageID.73.  However, despite Plaintiff's claim that a process server was hired, Plaintiff has not filed any proof of service for nearly two months.

The only factor weighing against dismissal of this case is public policy in that "public policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643.  However, this factor alone does not outweigh the other four factors

7

favoring dismissal.  The Court thus recommends that the district court dismiss this action without prejudice.

## CONCLUSION

The Court cannot find good cause exists to extend the deadline to serve the *Summons* and *Complaint* on the Defendant.  The Court **FINDS** that because Plaintiff failed to (1) timely serve the Defendant, (2) diligently prosecute this action and (3) follow the applicable court rules and legal authority, the Court **RECOMMENDS** that the district court **DISMISS** this case **WITHOUT PREJUDICE**.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, January 24, 2024.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 23-00194 JAO-RT; *Tyson-Jaymes: Shotwell  vs. John Pang*; Findings and Recommendation to Dismiss Case for Failure to Serve and Diligently Prosecute